**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **BEST IN SPORTS, INC., ET AL.,** | ) | CASE NO.1:09CV080 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| **OLYMPIAKOS BASKETBALL CLUB OF GREECE,** | ) | ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Olympiakos' Motion to Cancel Registration of, and to Quash Execution on, Foreign Judgment (ECF # 9). For the following reasons, the Court denies the Motion, finds the Judgment is not dormant and finds the procedural requirements of Ohio Revised Code Section 2329.023 do not apply to the facts in this case. However, the Court finds further proceedings are required to determine what property may be seized.

**FACTS**

On August 6, 2004, Plaintiffs Best in Sports, Inc. and Tom McLaughlin obtained a default judgment in their favor from the District Court of Massachusetts in case number 03-10136 in the amount of $165,000 plus costs of $207.67 and interest calculated at the statutory

rate of 12% from the date of the breach of contract, which was August 26, 2001.  A review of the docket of the District Court of Massachusetts reveals Plaintiffs executed on the judgment on October 1, 2004.  With interest, Plaintiffs now contend the value of the judgment is $409,048.11.

On September 2, 2009, Plaintiffs filed with this Court a Certificate of Judgment for Registration in Another District the Judgment obtained from the District Court of Massachusetts.  Along with the Certificate, Plaintiffs attached the Judgment and Order from the District Court of Massachusetts.  On September 10, 2009, Plaintiffs filed a Praecipe for Issuance of Writ of Execution.  Attached to the Praecipe was a Writ of Execution and Proposed Order and U.S. Marshal's Form.  The Writ of Execution seeks the following:

> 1.  U.S. and foreign currency; travelers' checks; equipment; team uniforms; other team wearing apparel; laptop computers; cameras, camcorders, and other video and audio recording devices and equipment; mobile telephones; personal digital assistant devices; and any and all other electronic equipment and devices.
>
> 2. An aircraft that may be located in this District on said dates at one of the following local airports: Cleveland Hopkins International Airport; Burke Lakefront Airport; or Cuyahoga County Airport - Robert D. Shea Field, located at 26300 Curtiss Wright Parkway, Cleveland, Ohio 44143.

On September 25, 2009, counsel filed a Notice of Appearance on behalf of Defendant Olympiakos.  On September 29, 2009, this case was reassigned to this Court.  On September 29, 2009, Plaintiffs filed a Notice of Service of Notice of Deposition of Defendant and on October 5, 2009, Defendants filed the above Motion.

Defendant raises the following arguments in its Motion:

1)  Plaintiffs' Judgment is dormant under Ohio law and cannot be acted upon until it is revived.

2)  Plaintiffs' filing of the Certificate is not in compliance with Ohio law as Plaintiffs

2

>           failed to file an affidavit of counsel or Plaintiff setting forth the name and last known address of the judgment debtor and creditor.  Furthermore, Ohio law requires Plaintiffs file the praecipe instructing the clerk to issue notice of the filing of the foreign judgment at the address of the debtor provided in the affidavit.
>
> 3)      Plaintiffs may not seize property belonging to third parties.  Defendant contends the aircraft sought belongs to Delta, the uniforms and related apparel are provided pursuant to a licensing agreement with Nike; and the phones, PDAs, digital cameras etc are the personal property of the players not the team.  Therefore, the property sought does not belong to debtor.

On October 6, 2009, the Court met with counsel in chambers and held a hearing in open court on Defendant's Motion.

## **Law and Analysis**

### **I.    Dormancy**

Pursuant to 28 U.S.C. §1963:

A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

Fed. R. Civ. P. 69 entitled "Execution" states:

a) In General.

(1) *Money Judgment; Applicable Procedure.* A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Therefore, registration of judgments obtained in other courts are governed by 28 U.S.C. §1963, while procedural requirements for executing on those judgments are governed by the law of the forum state.

In Ohio, a judgment becomes dormant five years from the date of judgment or the date of execution, whichever is later. See O.R.C. § 2329.07

> A)(1) If neither execution on a judgment rendered in a court of record or certified to the clerk of the court of common pleas in the county in which the judgment was rendered is issued, nor a certificate of judgment for obtaining a lien upon lands and tenements is issued and filed, as provided in sections 2329.02 and 2329.04 of the Revised Code, ***within five years from the date of the judgment or within five years from the date of the issuance of the last execution thereon or the issuance and filing of the last such certificate, whichever is later,*** then, unless the judgment is in favor of the state, the judgment shall be dormant and shall not operate as a lien upon the estate of the judgment debtor. (Emphasis added).

Defendant contends Plaintiffs obtained a judgment on August 6, 2004, and filed their Certificate with this Court on September 2, 2009. Therefore, Defendant argues, Plaintiffs' judgment is dormant and execution is improper as it was outside the five year limitations period in Ohio. Furthermore, Defendant contends that the execution on the judgment reflected on the District Court of Massachusetts docket does not trigger the running of the limitations period as it was not an execution on the judgment in Ohio.

Plaintiffs' counsel contends O.R.C. § 2329.07 expressly states the five year limitations period begins to run from the date the judgment was entered ***OR*** the date of the issuance of the last execution. Plaintiffs' counsel introduced as an exhibit a First Execution entered by the District Court of Massachusetts, dated October 1, 2004 acting upon the judgment obtained against Defendant on August 6, 2004. Therefore, Plaintiffs contend, the judgment was not dormant under Ohio law as the Certificate filed with this Court was filed less than five years

4

from the date of the last execution in Massachusetts.

The Court agrees with Plaintiffs' interpretation of Ohio law.  O.R.C. § 2329.07 does not distinguish between executions issued in state or out of state, nor does Defendant provide the Court any Ohio law requiring such an interpretation.  The plain language of O.R.C. § 2329.07 merely states that the five year limitations period runs from the date of judgment or the date of the last execution thereon.  Therefore, under Ohio law, the limitations period would run from the date of the execution, which was October 1, 2004, making the filing of the Certificate on September 2, 2009 less than five years and within the limitations period.

## II. **The Procedural Requirements**

Defendant further argues that Plaintiffs failed to comply with Ohio law when they filed their Certificate because they failed to file an affidavit and notice to the debtor as required by O.R.C. § 2329.023.  However, federal statute governs the registration of judgments obtained in other districts. 28 U.S.C. § 1963, quoted above, only requires the attachment of a certified copy of the judgment and does not require the affidavit of counsel for a judgment entered in another district court to become a judgment of this Court, as argued by Defendant. The Ohio Court of Appeals for the Tenth District held that when a judgment is registered under 28 U.S.C. § 1963, the procedural requirements of O.R.C. § 2329.023 do not apply.  See *Kemper Securities v. Schultz,* 107 Ohio App. 3d 258, 261 (Ohio Ct. Of App. 1995).  Therefore, the Court finds Plaintiffs were not required to file the affidavit or notice as the procedural requirements of O.R.C. § 2329.023 do not apply to judgments registered under 28 U.S.C. § 1963.

## III. **Plaintiffs Cannot Seize Property of Third Parties**

Defendant contends Ohio law holds that only property of the judgment debtor may be

5

seized. Citing *Bethel v. Dunipace*, 57 Ohio App.3d 89, 90-91 ( Ohio Ct. Of App. 1988). Furthermore, Defendant attests that the property sought by Plaintiffs is not owned by the debtor but is owned by third parties. Plaintiffs do not dispute that they are proscribed from seizing property of non-debtor third parties. Because Plaintiffs have not yet deposed a representative of Defendant, Plaintiffs have not demonstrated that the property they seek to seize is, in fact, the property of the debtor. Therefore, the Court will stay the Order to the United States Marshal ordering seizure and removal of Defendant's property until Plaintiffs have deposed a representative of Defendant and Plaintiffs' counsel provides the Court with an affidavit attesting that specifically identified property to be seized lawfully belongs to Defendant.

Therefore, the Court denies Defendant' Motion to Cancel Registration of, and to Quash Execution on, Foreign Judgment. Plaintiffs' Judgment is not dormant under Ohio law, and Plaintiffs did not fail to follow procedural prerequisites when registering the judgment of the District Court of Massachusetts with this Court.

Defendant is ordered to produce a Fed. R. Civ. P. 30(b)(6) witness to be deposed by Plaintiffs' counsel, at a mutually agreed upon time and place but no later than noon, Friday October 9, 2009. The deposition shall be conducted by whatever means encompassed in the Federal Rules of Civil Procedure and shall be limited to two hours in length. Upon its completion, Plaintiffs' counsel shall submit an affidavit attesting that the property his client seeks to execute upon is owned by Defendant and shall specifically identify the property to be seized. Plaintiffs shall submit a revised Order and Writ by 2:00 PM Friday, October 9, 2009, reflecting the property identified and attested to in Plaintiffs' counsel's affidavit.

The Court will hold a telephone conference on Friday October 9, 2009 at 2:30 PM.

6

Plaintiffs' counsel shall initiate the conference call with Defendant's counsel and shall contact the Court at 216 357-7151.  Plaintiffs and Defendant shall be available by phone.

IT IS SO ORDERED.

S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

October 6, 2009