**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BEST IN SPORTS, INC., et al.,** | ) | **CASE NO. 1:09MC080** |
| | ) | |
| Plaintiffs, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | <u>**ORDER**</u> |
| | ) | |
| **OLYMPIAKOS BASKETBALL CLUB** | ) | |
| **OF GREECE,** | ) | |
| Defendant. | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

Upon careful consideration of counsel's arguments regarding whether the Court should issue a Writ of Execution, for the following reasons, the Court denies Plaintiffs' request for the Writ (ECF DKT #15-1).

First, the Court finds the Affidavit of Plaintiffs' Counsel (ECF DKT #14) is insufficient to establish that Defendant owns the personal property identified, to-wit: team uniforms, shoes, socks, shorts, and warm-up suits supplied by Nike under a Sponsorship Agreement.

Second, Plaintiffs' Counsel admitted to the Court at today's telephone conference that the value of the personal property, even if subject to seizure, would be, at most, between

$5,000.00 and $10,000.00. Furthermore, the cost of execution by the U.S. Marshal's Service would be approximately $10,000.00. Consequently, even upon a subsequent sale, Plaintiffs would net either nothing, or a *de minimus* amount toward satisfaction of the outstanding judgment, making the U.S. Marshal's seizure, storage and sale an exercise in futility.

Under these circumstances, the Court declines to exercise its authority to order execution on the Writ. The Court vacates the original Writ (ECF DKT #6) and denies Plaintiffs' subsequent request for a modified Writ (ECF DKT #15-1).

**IT IS SO ORDERED.**

**DATE: October 9, 2009**

        S/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**